**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| JOSE BARRAZA, | ) |
|         Plaintiff, | ) |
| vs. | ) Case No.: 4:16-CV-00823-FJG |
| MAGNA INTERNATIONAL INC., | ) |
|         Defendant. | ) |

# ORDER

Currently pending before the Court is defendant Dieomatic Incorporated d/b/a LMV Automotive Systems[1] ("LMV's") Motion to Dismiss (Doc. # 9).

## I.    BACKGROUND

Plaintiff filed a Charge of Discrimination on April 11, 2016 with the Missouri Commission on Human Rights and the EEOC. In his Charge, plaintiff states that he was hired through a temporary agency to work with the defendant as a Quality Inspector. Plaintiff states that he started working on February 5, 2016 and throughout his tenure, he was subjected to harassment "because of my sex and/or my nonconformity to gender sterotypes." Plaintiff states that he reported the harassment, but management failed to take immediate corrective action and because the work environment was so hostile, plaintiff states he was constructively discharged on March 11, 2016. Plaintiff also states that he believes "that Respondent discriminated against

---

[1] Defendant states that Magna International Inc. appears to have been inadvertently named as the defendant and does not conduct business at the location identified in the Complaint. Counsel for defendant states that service was acknowledged on behalf of Dieomatic Inc. d/b/a LMV Automotive Systems, which does conduct business at that address.

me because of my sex (male/gender non-conforming) in violation of Title VII of the Civil Rights Act of 1964, as amended." (Doc. No. 10-1). On the Charge of Discrimination Form, plaintiff check-marked the box that the discrimination was based on "Sex." On April 15, 2016, the EEOC issued a Dismissal and Notice of Right to Sue letter. The letter stated that the EEOC was unable to conclude that the information obtained established a violation of the statute and that no finding is made as to any other issues that might be construed as having been raised by this charge. The letter goes on to state:

> **Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act**: This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice;** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different).

Ten days later, on April 25, 2016, the Missouri Commission on Human Rights issued a Notice of Right to Sue pursuant to the Missouri Human Rights Act. The letter informed plaintiff hat his complaint was dual-filed with the EEOC and the Missouri Commission on Human Rights. The letter states that the MCHR has been informed that the EEOC has completed its processing of the complaint and has issued a notice of right to sue. The letter states that based on a review of the EEOC's investigation summary, the MCHR has decided to adopt the EEOC's findings, terminate the proceedings and issue this notice of right to sue on your claims under the MHRA. The letter informed plaintiff:

> You are hereby notified that you have the right to bring a civil action within 90 days of the date of this letter against the respondent(s) named in the complaint. Such an action may be brought in any state circuit court in any county in which the unlawful discriminatory practice is alleged to have

2

occurred, either before a circuit or associate circuit judge. . . . As noted above, any action brought in court under this section must be filed within 90 days from the date of this letter and, in addition, any such case must be filed **no later than two years after the alleged cause occurred** or your reasonable discovery of the alleged cause. **IF YOU DO NOT FILE A CIVIL ACTION IN STATE CIRCUIT COURT RELATING TO THE MATTERS ASSERTED IN YOUR COMPLAINT WITHIN 90 DAYS OF THE DATE OF THIS NOTICE, YOUR RIGHT TO SUE IS LOST**.

(Doc. No. 5-2).

Plaintiff filed his motion for leave to proceed in forma pauperis in this Court on July 25, 2016. Plaintiff was granted leave to proceed in forma pauperis on October 19, 2016 and the Complaint was filed the same day[2]. In his complaint, plaintiff marked that his lawsuit was based on Title VII, the Americans with Disabilities Act and a "belief that of which is transgenderism, retaliation." In response to the question in the Employment Discrimination Complaint form which asked him to explain why he believes he was terminated, plaintiff checked the boxes for: religion, gender, disability and other – belief that of which is transgenderism. In an Exhibit attached to plaintiff's Complaint, plaint states at the top: "Violation of Title VII Civil Rights Act." Then plaintiff proceeds to list all of the ways in which he believes defendant violated the statute and the effects that he has suffered as a result of these violations. Plaintiff then goes into an extensive thirteen page discussion explaining and detailing all of his allegations.

Defendant has moved pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss plaintiff's Complaint as untimely filed and because he failed to exhaust his administrative remedies.

---

[2] In Abdul-Waali v. Restart, Inc., 2011 WL 281045, *2-3 (W.D.Mo. Jan. 26, 2011), the Court stated: "[s]everal courts have considered whether the timely filing of a motion to proceed in forma pauperis tolls the limitations period for filing a Title VII case. The consensus of the courts confronting the issue has been to permit tolling. . . .This holding is also consistent with Eighth Circuit precedent."

3

## II. STANDARD

To survive a motion to dismiss under 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662,129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  A pleading that merely pleads "labels and conclusions" or a "formulaic recitation" of the elements of a cause of action, or "naked assertions" devoid of "further factual enhancement" will not suffice.  Id. (quoting Twombly).  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.  Under Fed. R. Civ. P. 12(b)(6) we must accept the plaintiff's factual allegations as true and grant all reasonable inferences in the plaintiff's favor.  Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005).

## III. DISCUSSION

Defendant states that the Dismissal and Notice of Right to Sue letter was signed by the EEOC's Area Office Director on April 15, 2016.  Plaintiff is presumed to have received the letter within three days or by April 18, 2016. Adding ninety days to this date, plaintiff was required to have filed his Complaint on or before Monday July 18, 2016.  As noted above, plaintiff did not file his Complaint with this Court until July 25, 2016, which was 7 days past the deadline.  Thus, defendant argues that plaintiff's claim is untimely and must be dismissed.

Plaintiff did not initially respond to defendant's Motion to Dismiss.  However, after

the Court issued an Order to Show Cause, plaintiff filed a response to the Motion to Dismiss. In his response, plaintiff states that he personally submitted and had documents signed in front of a notary public on July 22, 2016. Plaintiff also states that the deadline fell on a weekend and thus, it is automatically extended to the next business day. With regard to the exhaustion arguments, plaintiff states that he only marked the box for race discrimination, but he alleged age discrimination. He also states that he did not check the retaliation box due to mentioning it in his report.

In reply, defendant argues that plaintiff does not dispute that he had 90 days to bring his suit from the time he received his notice of right to sue letter from the EEOC, nor does he dispute that the EEOC mailed him the letter on April 15, 2016. Defendant states that plaintiff indicated that he submitted and signed documents on July 22, 2016 in front of a notary public, but this was still past the July 18, 2016 deadline. Defendant notes that plaintiff has not provided any excuse for his tardiness and thus his Title VII complaint must be dismissed.

After reviewing plaintiff's Charge of Discrimination, the Notice of Right to Sue Letters from the EEOC and the Missouri Commission on Human Rights and plaintiff's Complaint, the Court agrees with defendant and finds that plaintiff's Complaint was untimely filed. The letter from the EEOC was sent to plaintiff on April 15, 2016. A suit filed under Title VII must be brought within ninety days after receipt of the notice of the right to sue letter. 42 U.S.C. § 2000e-5(f)(1).

> This ninety-day period of time within which suit must be filed begins to run on the day that the right-to-sue letter is received at the most recent address that a plaintiff has provided to the EEOC. Hill v. John Chezik Imports, 869 F.2d 1122,1124 (8th Cir. 1989). The law presumes that a letter is received three days after mailing. Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 148 n.1, 104 S.Ct. 1723,1724 n.1, 80 L.Ed.2d 196

5

(1984).

Walker v. Tyson Foods, Inc., No. 5:16CV00226JLH, 2017 WL 1948527, *1 (E.D.Ark. May 10, 2017). As the EEOC's letter was sent on April 15, 2016, it is presumed to have been received by the plaintiff on April 18, 2016.  Ninety days from April 18, 2016, was Sunday July 17, 2016. Plaintiff is correct in his observation that because the date fell on a weekend, he had until the next business day – Monday July 18, 2016 to file his Complaint.  Fed.R.Civ.P. 6(a)(1)(C). However, as previously discussed, plaintiff did not file his Complaint with the Court until July 25, 2016, seven days later. It should also be noted that simply because plaintiff was proceeding pro se, he is not excused from these requirements.  In Almoghrabi v. GoJet Airlines, LLC, No. 4:14-CV-00507-AGF, 2015 WL 1061118, *3 (E.D.Mo. Mar. 11, 2015), the Court stated that a plaintiff's pro se status does not excuse him from complying with this statutory requirement. See also Houston –Morris v. AMF Bowling Ctrs., Inc., No. 11-00325-CV-W-FJG, 2011 WL 5325646, at *3 (W.D.Mo. Nov. 3, 2011)("rejecting Plaintiff's request to equitably toll the statute of limitations for an MHRA claim because she was 'misled by the language' of the MCHR and EEOC right-to-sue notices and was 'unfamiliar[ ] with handling and interpreting such notices.'").

In Brinkman v. Nasseff Mechanical Contractors, Inc., No. 16-3499(RHK/HB), 2017 WL 1653255 (D.Minn. May 2, 2017), the court noted:

> The Supreme Court has recognized that Title VII's time limitations may be equitably tolled in appropriate circumstances . . .Equitable tolling is premised on the excusable neglect of the party invoking it . . .and provides a limited and infrequent form of relief appropriate only where (1) the plaintiff pursued her claims diligently but (2) some *extraordinary* circumstance stood in [her] way.

Id. at *5 (internal citations and quotations omitted). In this case, the Court finds that

6

there is no basis for invoking equitable tolling. Plaintiff in his response to the Motion to Dismiss offered no reason, let alone an extraordinary reason, why his Complaint could not have been filed on or before the ninety day deadline. Accordingly, the Court finds that because plaintiff's Title VII claim was untimely filed it must be dismissed.

Defendants also argue that plaintiff failed to exhaust his administrative remedies with regard to his ADA or Retaliation claims. In his Complaint plaintiff check marked the box for ADA and then also marked the "other" box and listed transgenderism and retaliation. However, in his Charge of Discrimination, plaintiff only marked the box for "sex" when asked what his discrimination claim was based on and stated that he believed that he was subjected to harassment "because of my sex and/or my non-conformity to gender sterotypes." (Charge of Discrimination - Doc. 10-1).[3]

"Exhaustion of administrative remedies is required under Title VII and the ADEA because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts." Kirklin v. Joshen Paper & Packaging of Arkansas Co., No. 4:15-CV-00304KGB, 2017 WL 1179969, *11 (E.D.Ark. Mar. 29, 2017).

> Prior to filing a civil action alleging violations of the ADA . . .a plaintiff must exhaust her administrative remedies by submitting her discrimination claims in an EEOC charge and receiving a "right to sue" letter. See, e.g.,

---

[3] Although plaintiff listed "transgenderism" as an "other" type of claim, the Court construes this to be included in plaintiff's Title VII sexual discrimination claim and this claim is untimely for the reasons discussed above. In Rumble v. Fairview Health Services, No.14-cv-2037(SRN/FLN), 2015 WL 1197415, *2 (D.Minn. Mar. 16, 2015), the court noted: "[r]ecently courts have broadly characterized an individual's transgender status as part of that individual's 'sex' or 'gender' identity. See, e.g., Smith v. City of Salem, Ohio, 378 F.3d 566, 572-73 (6th Cir.2004)(holding that plaintiff with gender identity disorder sufficiently stated constitutional and Title VII sex discrimination claims based on his allegations that he was discriminated against because of his gender nonconforming behavior and appearance)."

> 42 U.S.C.§ 12117(a)(stating that the remedies and procedures set forth in Title VII, including those pertaining to exhaustion, apply to persons alleging discrimination based on disability).

Ayala v. PayPal, Inc., No. 8:16CV57, 2017 WL 2484171, *3 (D.Neb. June 8, 2017). These exhaustion requirements also apply to retaliation claims. "To exhaust her administrative remedies on a retaliation claim, a plaintiff must give notice of all claims of discrimination in the initial EEOC charge." Williams-Raynor v. Arkansas Dept. of Health, No. 4:16CV00761JLH, 2017 WL 1017636,*5 (E.D.Ark. Mar. 15, 2017). When a plaintiff fails to do so, these claims are unexhausted. See also Griffith v. City of Watertown, 1:15-CV-01020-RAL, 2016 WL 4275635,*10 (D.S.D. Aug. 12, 2016)(Where plaintiff did not make a retaliation claim in her administrative charge, summary judgment was warranted due to failure to exhaust her administrative remedies). In the instant action, plaintiff mentions nothing in the narrative description in his Charge of Discrimination about a retaliation claim, nor was the Retaliation box checked on the form. Accordingly, the Court finds that this claim as well as the ADA claim are subject to dismissal.

## IV.    CONCLUSION

Accordingly, because plaintiff's Title VII claim was not timely filed and because plaintiff failed to exhaust his administrative remedies as to the retaliation and ADA claims, the Court hereby **GRANTS** defendant's Motion to Dismiss (Doc. # 9) and **DISMISSES** plaintiff's Complaint.

Date: June 30, 2017                                **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                              Fernando J. Gaitan, Jr.
                                                   United States District Judge