# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JOSE BARRAZA, | ) |
| Plaintiff, | ) ) |
| vs. | ) Case No.: 4:16-CV-00823-FJG |
| MAGNA INTERNATIONAL INC., | ) ) ) |
| Defendant. | ) ) |

# ORDER

Currently pending before the Court is plaintiff's Motion for Reconsideration (Doc. # 22), plaintiff's Motion to Appoint Counsel (Doc. # 23), plaintiff's Motion for Recusal (Doc. # 26) and Plaintiff's Motion for Declaratory Judgment (Doc. # 29).

## I.    BACKGROUND

Plaintiff filed a Motion for Leave to Proceed in Forma Pauperis on July 25, 2016. The Court granted plaintiff's Motion on October 19, 2016 and plaintiff's Complaint against Magna International, Inc. was filed the same day. In his Complaint, plaintiff marked that his lawsuit was based on Title VII, the Americans with Disabilities Act and a "belief that of which is transgenderism, retaliation." Plaintiff indicated that the conduct in the lawsuit involved termination of his employment, failure to accommodate his disability, terms and conditions of his employment were different from similar employees, retaliation and harassment. Plaintiff also stated that he was constructively terminated in fear of harassment, repetition. In response to the question in the Employment Discrimination Complaint form which asked him to explain why he believes he was terminated, plaintiff checked the boxes for: religion, gender, disability and other – belief that of which is transgenderism. Defendant moved pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss plaintiff's Complaint as untimely filed and because he failed to

exhaust his administrative remedies. After reviewing the charge of discrimination, the notice of right to sue letters from the EEOC and the Missouri Commission on Human Rights and plaintiff's Complaint, the Court found that plaintiff's Complaint was untimely filed. The Court also found that plaintiff failed to exhaust his administrative remedies regarding his ADA or his retaliation claims. The Court granted defendant's Motion to Dismiss and dismissed plaintiff's Complaint on June 30, 2017. Plaintiff then filed the Motion for Reconsideration, Motion for Appointment of Counsel, Motion for Recusal and Motion for Declaratory Judgment.

## II. STANDARD

"The Federal Rules of Civil Procedure do not include a 'motion to reconsider.'" Keys v. Wyeth, Inc., No. C08-1023, 2009 WL 1010064 at *1 (N.D.Iowa Apr. 14, 2009). In Fesenmeyer v. City of Kansas City, Missouri, No. 15-00850-CV-W-DGK, 2016 WL 3920450 (W.D.Mo. July 15, 2016), the Court stated:

> Rule 60(b) applies to final judgments or orders and may be used to reconsider a final order on certain enumerated grounds such as excusable neglect, fraud, newly discovered evidence, or any other reason that justifies relief. Fed.R.Civ.P. 60(b) . . .A party moving for reconsideration pursuant to any portion of Rule 60(b) must establish exceptional circumstances to obtain the extraordinary relief the rule provides. . . .A district court has wide discretion in deciding whether to grant a Rule 60(b) motion, but the Eighth Circuit has cautioned that exceptional circumstances are not present every time a party is subject to potentially unfavorable consequences as a result of an adverse judgment properly arrived at.

Id. at *1 (internal citations and quotations omitted).

## III. DISCUSSION

### A. Motion for Reconsideration

In his Motion for Reconsideration, plaintiff states that he seeks to have his case reopened due to misleading and false and inaccurate allegations and failure to review

preserved data. Plaintiff states that defendants stated that he only marked the box for race discrimination, which is false. He also states that the defendants stated that he checked the boxes for religion, gender, disability and other – belief that of which is transgenderism. Plaintiff then also states that with regard to his pleadings being untimely, he received a dual filed notice of right to sue from the EEOC dated April 25, 2016 and he filed his Compliant at the United States District Court on July 25, 2016, but had it notarized on July 22, 2016.

It would appear that plaintiff is attempting to proceed pursuant to Fed.R.Civ.P. 60(b)(1) which allows relief from an order due to (1) mistake, inadvertence, surprise or excusable neglect. However, after reviewing the Order dismissing plaintiff's Complaint, there were no mistakes which would warrant relief from the Order. Plaintiff argues first that the defendants stated that he only check marked the box for race discrimination and that this "is false, not true and will not be found as evidence." However, the Court found in the June 30, 2017 Order that plaintiff check marked the boxes for religion, gender, disability and other – belief that of which is transgenderism. (June 30, 2017 Order, p. 3). Plaintiff then argues that the defendants said that he check marked the boxes for religion, gender, disability and transgenderism, but "these accusations will not be found." However, as noted above, those were the boxes which plaintiff check – marked on his form.

Plaintiff also argues that his Complaint was timely filed because he received his Notice of Right to Sue from the EEOC on April 25, 2016 and he filed his Complaint with this Court on July 25, 2016 and the Complaint was notarized on July 22, 2016. However, as the Court explained in the June 30, 2017 Order, plaintiff received a Notice of Right to Sue letter from the EEOC on *April 15, 2016* (Doc. 10-2). Plaintiff received his Missouri Commission on Human Rights Notice of Right to Sue letter ten days later on

3

April 25, 2016 (Doc. 5-2). The Court noted that the law presumes that a letter is received three days after it is mailed. Thus, plaintiff was presumed to have received the EEOC's letter by April 18, 2016 and was required to file his Complaint in federal Court within ninety days or by Monday July 18, 2016. However, plaintiff did not file his Complaint with this Court until July 25, 2016, which was seven days later.

Ousley v. Rescare Homecare, No. 4:13-CV-00898-SPM, 2013 WL 5966050 (E.D.Mo. Nov. 8, 2013), is a case with a similar timeline to the instant action. The plaintiff in that case also received her Missouri Commission on Human Rights Notice of Right to Sue letter after she had received her EEOC Notice of Right to Sue. Plaintiff filed her complaint in federal court within ninety days of receiving the MCHR Notice, but it was 104 days after she received her EEOC charge. The Court in that case found that despite plaintiff's mistaken belief as to when the deadline was for filing her federal claims, the notice from the EEOC clearly provided plaintiff with notice of the deadline for asserting her federal claims. Because plaintiff's complaint was filed outside of that ninety day window and because the Court found that there were no grounds for asserting equitable tolling, the Court found that plaintiff's Complaint was time barred.

Plaintiff filed a fourteen page reply in support of his motion for reconsideration. However, nowhere in plaintiff's lengthy, rambling suggestions does he dispute the fact that his Complaint was untimely filed. Plaintiff does state that he filed at the "state court" on July 25, 2016, "not the federal court." However, he then goes on to state that "if defendant is unaware to what court we are ('presiding') to – I shall meet defendant's ('loss of location')(defendant's (Magna International Inc.). The clerk and Judge we are submitting (ESI) electronically stored information to is the (United States District Court (Western District of Missouri)." As with the plaintiff in Ousley, the Court also finds that there are no circumstances which would warrant applying equitable tolling in the instant

4

action.

After carefully reviewing plaintiff's motion and reply suggestions, the Court finds that plaintiff has not shown that there is any basis for granting his Motion for Reconsideration. Rather, plaintiff's Motion is simply a reargument of why he believes his Complaint was incorrectly dismissed. Accordingly, the Court hereby **DENIES** plaintiff's Motion for Reconsideration (Doc. # 22).

### B. Motion for Appointment of Counsel

As the Court has determined that there is no basis for granting plaintiff's Motion for Reconsideration, the Court hereby **DENIES** plaintiff's Motion for Appointment of Counsel (Doc. # 23).

### C. Motion for Recusal

Plaintiff has also filed a one sentence motion for recusal asking for an automatic change of judge pursuant to Fed.R.Civ.P. 76. However, plaintiff provided no argument or authority supporting his motion. As defendant's note, Fed.R.Civ.P. 76 was abrogated in 1997 and dealt with the appeal of a magistrate judge's decision to a district court, not a request for recusal.

28 U.S.C. § 455(a) states in part:

(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

   (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

The standard which is used in reviewing motions to recuse is an objective one:

"Whether a judge actually has a bias, or actually knows of grounds requiring recusal is irrelevant—section 455(a) sets an objective standard that does not require scienter." Moran v. Clarke, 296 F.3d 638, 648 (8th

> Cir. 2002). "[The issue is framed] as 'whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case.'" Id.(quoting In re Kansas Pub. Employees Retirement Sys., 85 F.3d 1353, 1358 (8th Cir.1996)). However, "'[a]n unfavorable judicial ruling ... does not raise an inference of bias or require the trial judge's recusal.'" Id.(quoting Harris v. Missouri, 960 F.2d 738, 740 (8th Cir.1992)). . . . "Absent a factual showing of a reasonable basis for questioning his or her impartiality, or allegations of facts establishing other disqualifying circumstances, a judge should participate in cases assigned. Conclusory statements are of no effect. Nor are [a party's] unsupported beliefs and assumptions. Frivolous and improperly based suggestions that a judge recuse should be firmly declined." Maier v. Orr, 758 F.2d 1578, 1583 (9th Cir.1985).

Mello v. Unum Corp., No. 4:13CV2543 NCC, 2014 WL 360610, at *2 (E.D. Mo. Feb. 3, 2014). In Hamrick v. Bush, No. 1:06CV00044GH, 2007 WL 686602, * 3 (E.D.Ark. Mar. 1, 2007), the Court stated that "the mere fact that the Court has ruled against a legal argument advocated by plaintiff is not an adequate ground for recusal." After reviewing plaintiff's motion, the Court finds no basis for recusal. Accordingly, plaintiff's Motion to Recuse is hereby **DENIED AS MOOT** (Doc. # 26).

### D. Motion for Declaratory Judgment

Plaintiff also filed a Motion for Declaratory Judgment. However, as noted by defendant, the motion does not ask the Court for any specific relief, but instead contains five pages of rambling, miscellaneous personal anecdotes and thoughts. "Federal law allows a party to obtain a judicial declaration of a legal right or relation with or without seeking any other remedy, 28 U.S.C. §2201. Section 2201 is a procedural device for adjudicating existing rights but it does not alter substantive rights." Quest Aviation, Inc. v. Nationair Insurance Agencies, Inc., No. 1:14-CV-01025-RAL, 2015 WL 1622031, *3 (D.S.D. Apr. 10, 2015). In Clear Sky Car Wash, LLC v. City of Chesapeake, 910 F.Supp.2d 861, 871, n. 8 (E.D.Va. 2012), the Court stated, "the Court must have before it a properly pled claim over which it has an independent basis for exercising original jurisdiction before it may act pursuant to the Declaratory Judgment Act." In the instant

6

case, there is no pending claim because the Court has already dismissed plaintiff's Complaint. At certain points in his motion, plaintiff appears to reassert arguments as to why his claim was improperly dismissed. However, after reviewing the motion the Court finds no basis for reconsidering the dismissal of plaintiff's Complaint nor for granting the motion for declaratory judgment. Accordingly, plaintiff's Motion for Declaratory Judgment is hereby **DENIED** (Doc. # 29).

## IV. CONCLUSION

Accordingly, for the reasons stated above, the Court hereby **DENIES** plaintiff's Motion for Reconsideration (Doc. # 22), **DENIES AS MOOT** plaintiff's Motion to Appoint Counsel (Doc. # 23), **DENIES** plaintiff's Motion for Recusal (Doc. # 26) and **DENIES** Plaintiff's Motion for Declaratory Judgment (Doc. # 29).


Date: December 15, 2017             **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri             Fernando J. Gaitan, Jr.
            United States District Judge